UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JOSHUA FOUCH**  PLAINTIFF

v.  CIVIL ACTION NO. 4:25-CV-P55-JHM

**CHRISTINA PIVOT et al.**  DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Joshua Fouch, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, an inmate at the Hopkins County Jail (HCJ), sues Kitchen Supervisor Christina Pivot, Jailer Mike Lewis, and Captain Michelle Hayse in their official and individual capacities. He states that on February 23, 2025, he submitted an action request in the Kentucky Online Management System (KOMS) explaining to staff that he wished to be considered Jewish. However, when he was transferred to the HCJ, the staff did not honor his submission in KOMS, and he was informed that he had to wait 90 days to change his religion. Plaintiff states that he waited the requisite time and then changed his religion to Judaism and signed up for the kosher meal program. He alleges that the meals he is now receiving in the kosher meal plan are not blessed by a rabbi and are being cooked with other inmates' meals and served on the same trays as other inmates. He states that on June 4, 2025, his breakfast consisted of "uncooked oatmeal with a side of apple sauce;" lunch was baked beans and "mixed veggies out of a can and not in any way kosher." He alleges that his Eighth Amendment rights have been violated.

Plaintiff requests damages and to be transferred to a facility which will provide a proper diet.

Plaintiff attaches to his complaint a copy of the HCJ "Kosher/Halal/Vegan Tray Agreement" which he signed on June 4, 2025, which is also the date that Plaintiff signed the complaint.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

2

Plaintiff alleges that his food, which is supposed to be kosher, is prepared along with other inmates' food, is served on the same trays as other inmates, and is not blessed by a rabbi. He also alleges that he was served vegetables from a non-kosher can. Although Plaintiff cites to the Eighth Amendment, the Court will also consider the First Amendment under which "'prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions.'" *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002)).

Plaintiff's complaint concerns two meals he was served the day that he signed the agreement to participate in the kosher diet program. The problems with these two meals which he details are insufficient to state a First Amendment claim. A prison official's negligent interference with a prisoner's religious diet does not violate the First Amendment. *See Colvin*, 605 F.3d at 293-94 (holding that isolated incidents of negligence by prison officials in implementing kosher food requirements are not actionable under the First Amendment). And, generally, an isolated incident in which a prisoner is provided a meal that does not comport with his religious dietary restrictions "is not sufficient to implicate the Constitution." *Gunn v. Ky. D.O.C.*, No. 5:07CV-P103-R, 2010 WL 2555756, at *5 (W.D. Ky. June 18, 2010) (citing *Randall v. McLeod*, No. 95-10106, 1995 WL 581973, at *4 (5th Cir. Sept. 15, 1995) (per curiam) (affirming district court's dismissal of First Amendment claim based on plaintiff not getting a pork-free meal on two occasions); *White v. Glantz*, No. 92-5169, 1995 WL 581973, at *2 (10th Cir. Feb. 25, 1993) (finding that an "isolated occurrence of being given two meals with green beans and bacon" did not violate a Muslim inmate's First Amendment rights); *Colvin*, 605 F.3d at 291 (finding defendant was entitled to qualified immunity for inadvertently giving inmate non-kosher meal on isolated occasion); *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *5 (W.D. Mich. Jan. 18, 2008) ("The one time

3

deprivation of a kosher eating utensil does not amount to a substantial burden of Plaintiff's ability to exercise his religion."). Thus, Plaintiff fails to state a First Amendment claim.

The Court also construes Plaintiff's claims as brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA). RLUIPA prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate in practicing his sincerely held religious belief unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a); *Fox v. Washington*, 949 F.3d 270, 277 (6th Cir. 2020). The phrase "substantial burden" is not defined in RLUIPA. The Sixth Circuit has relied upon the Act's legislative history to conclude that the term has the same meaning under RLUIPA provided by the Supreme Court in its decisions regarding First Amendment free exercise claims. *See Living Water Church of God v. Charter Tp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007); *Miles v. Mich. Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *3 (6th Cir. Aug. 20, 2020).

Assuming that Plaintiff's Judaism is a sincerely held belief, Plaintiff has not alleged a substantial burden of that belief either from being served two non-kosher meals or because of the 90-day wait period to change his designation to Jewish. *See, e.g.*, *Resch v. Rink*, No. 2:21-CV-227, 2022 WL 794849, at *4 (W.D. Mich. Mar. 16, 2022) ("The fact that Plaintiff was denied Passover meals for three days does not violate his RLUIPA rights."); *Greenberg v. Hill*, No. 2:07–CV–1076, 2009 WL 890521, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is *de minimis* and does not constitute a 'substantial burden.'"); *Marr v. Case*, No. 1:07–cv–823, 2008 WL 191326, at *5 (W.D. Mich. Jan.18, 2008) ("The one time deprivation of a kosher eating utensil does not amount to a substantial burden of Plaintiff's ability to exercise his religion."); *O'Connor v. Leach*, No. 1:18-cv-977, 2020 WL 2187814, at *2 (W.D. Mich. May

4

6, 2020) (collecting cases finding that temporary removal from Kosher meal programs does not constitute a substantial burden under RLUIPA); *Berryman v. Granholm*, No. 06-CV-11010-DT, 2007 WL 2259334, at *3 (E.D. Mich. Aug. 3, 2007) (concluding that inmates who were temporarily removed from the Kosher meal plan could not maintain RLUIPA claims because the temporary removal did not substantially burden their practice of Judaism).

Nor are Plaintiff's allegations regarding his meals sufficient to demonstrate a plausible claim under the Eighth Amendment. *See Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) (holding that a plaintiff's allegations showing "some negligence regarding the defendant's attention to his diet requests and allergies" were insufficient to demonstrate a claim under the Eighth Amendment); *Maldonado v. Cuyahoga Cnty. Jail Kitchen Staff*, No. 1:20 CV 1251, 2020 WL 5369337, at *1 (N.D. Ohio Sept. 8, 2020) (holding that failure to provide a prisoner religious meals on one day did not violate Eighth Amendment).

Plaintiff also alleges that he had to wait 90 days to change his religion even though he had previously submitted the information that he wished to be considered Jewish before he was housed at HCJ in KOMS.

To the extent Plaintiff alleges that Defendants violated a policy or regulation by not honoring his request in KOMS, such claim must be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of prison policy because they "fall outside the scope of § 1983"). A § 1983 claim cannot be based on a violation of prison policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) ("The purpose of § 1983 is to remedy violations of federal law, not state law.") (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007).

Nor does Plaintiff state a Fourteenth Amendment procedural due process claim. To establish a procedural due process claim, a plaintiff must demonstrate: (1) a liberty or property interest protected by the due process clause; (2) a deprivation of that protected interest within the meaning of the due process clause; and (3) defendants' failure to afford adequate procedural rights prior to the deprivation. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). A prisoner does not have a constitutionally protected liberty interest in receiving kosher meals because discontinuation of a prisoner's participation in a kosher meal program is not an atypical or significant hardship in relation to the ordinary incidents of prison life. *See Russell v. Wilkinson*, 79 F. App'x 175, 178 (6th Cir. 2003) ("Russell does not possess a constitutionally protected property interest in receiving kosher meals."); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, Plaintiff fails to state a plausible procedural due process claim upon which relief may be granted.

Further, any substantive due process claim that Plaintiff may be asserting relative to his KOMS request fails to state a claim. "Substantive due process protects against state action that is not otherwise proscribed by the plain text of other constitutional amendments and for which no adequate mechanism for deprivation can exist." *Wappler v. Kleinsmith*, No. 1:08-CV-595, 2010 WL 707339, at *7 (W.D. Mich. Feb. 22, 2010) (citing *Ciminillo v. Streicher*, 434 F.3d 461, 465 (6th Cir. 2006)). Here, such a claim would be duplicative of Plaintiff's First Amendment claim, which the Court has already determined must be dismissed. *See Hernandez v. United States*, No. 4:11 CV 1737, 2011 WL 5971028, at *7 (N.D. Ohio Nov. 28, 2011) (dismissing plaintiff's substantive due process claim concerning kosher food as duplicative of his First Amendment claim); *Wappler*, 2010 WL 707339, at *7 (holding that prisoner failed to state a substantive due

6

process claim for his removal from the kosher meal plan because it was duplicative of his First Amendment claim).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this case.

Date: October 29, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.009